***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 4, reversed and remanded September 13, 2023

In the Matter of A. O., a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

A. O.,
*Appellant.*

Malheur County Circuit Court
21JU05711; A178476

Erin K. Landis, Judge.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Youth appeals a judgment finding him within the jurisdiction of the juvenile court because he committed acts that, if he were an adult, would constitute minor in possession of alcohol, a Class B violation. ORS 471.430. The court found youth within its jurisdiction after applying a "preponderance of the evidence" standard of proof. Although a "violation proceeding" conducted pursuant to ORS 153.076 requires that the state need only prove "the charged violation by a preponderance of the evidence," the parties agree that that is not the case in a juvenile delinquency proceeding. Moreover, the parties agree that the trial court plainly erred in applying the incorrect standard. We agree and accept the state's concession.

Under ORS 419C.400(2), "[t]he facts alleged in the petition showing the youth to be within the jurisdiction of the court as provided in ORS 419C.005, unless admitted, must be established beyond a reasonable doubt." There is no provision in the juvenile code for applying a lesser standard where the act committed by the youth otherwise would be considered a violation rather than a crime. We exercise our discretion to correct the error, given the gravity of the error.

Reversed and remanded.