On respondent's petition for reconsideration filed September 19; opinion filed September 13, 328 Or App 187; reconsideration allowed, former nonprecedential decision reissued as precedential opinion, reversed and remanded
October 25, 2023

In the Matter of A. O.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

A. O.,
*Appellant.*

Malheur County Circuit Court
21JU05711; A178476

538 P3d 591

Youth seeks reconsideration of *State v. A. O.*, 328 Or App 187 (2023) (nonprecedential memorandum opinion), requesting that we reissue our decision as a precedential opinion. Youth initially appealed a delinquency judgment which found that youth was within the juvenile court's jurisdiction for conduct that, if committed by an adult, would constitute a Class B violation. Consistent with a violation proceeding, the juvenile court applied a "preponderance of the evidence" standard of proof in its adjudication of youth. Youth argued on appeal that the juvenile court applied the incorrect standard. *Held*: The juvenile court erred by applying the incorrect standard of proof. Facts alleged in a delinquency petition, unless admitted, must be proved "beyond a reasonable doubt." ORS 419C.400(2).

Reconsideration allowed; former nonprecedential decision reissued as precedential opinion; reversed and remanded.

Erin K. Landis, Judge.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagan, Judge.

PER CURIAM

Reconsideration allowed; former nonprecedential decision reissued as precedential opinion; reversed and remanded.

**PER CURIAM**

Youth appeals a judgment finding him within the jurisdiction of the juvenile court because he committed acts that, if he were an adult, would constitute minor in possession of alcohol, a Class B violation. ORS 471.430.[1] The court found youth within its jurisdiction after applying a "preponderance of the evidence" standard of proof. Although a "violation proceeding" conducted pursuant to ORS 153.076 requires that the state need only prove "the charged violation by a preponderance of the evidence," the parties agree that that is not the case in a juvenile delinquency proceeding. Moreover, the parties agree that the trial court plainly erred in applying the incorrect standard. We agree and accept the state's concession.

Under ORS 419C.400(2), "[t]he facts alleged in the petition showing the youth to be within the jurisdiction of the court as provided in ORS 419C.005, unless admitted, must be established beyond a reasonable doubt." There is no provision in the juvenile code for applying a lesser standard where the act committed by the youth otherwise would be considered a violation rather than a crime. We exercise our discretion to correct the error, given the gravity of the error.

Reconsideration allowed; former nonprecedential decision reissued as precedential opinion; reversed and remanded.

---

[1] This opinion originally issued as a nonprecedential memorandum disposition. *State v. A. O.*, 328 Or App 107 (2023) (nonprecedential memorandum opinion). Pursuant to ORAP 6.25(1)(f) and 10.30(1)(e), youth has requested that we reconsider the opinion solely for the purpose of changing that designation and reissuing it as a precedential opinion. We agree that this opinion should be designated as precedential. Other than this footnote and the disposition of the motion being added to the tagline, this opinion is identical to the nonprecedential one that previously issued.